We'll now move to Case No. 5, United States v. Walker, Case No. 18-2825. We'll hear first from Mr. Mojave. Good morning, Your Honors. May it please the Court, my name is Amir Mojave to represent the appellant, Maurice Walker, in this matter. This appeal raises one issue, and that is whether the District Court erred when it recommended to the Bureau of Prisons that Mr. Walker not get credit for the time he served from when he was arrested to the time that he was superseded in the indictment. Specifically, we're talking about 383 days of time between June 11, 2016, when he was first arrested in a State Court proceeding for the equivalent of being a felon in possession of a weapon, until he was superseded in the indictment in the District Court on June 29, 2017. Mr. Walker was taken into federal custody on January 5, 2017, pursuant to an indictment that was returned on December 1, 2016, and at that point, or soon thereafter, the State Court charges were dismissed. While Mr. Walker was resolving that first indictment, the 922-G, by his own admission, he was engaging in obstruction of justice, coming up with a false story where somebody else is going to take the blame for that firearm offense, and when the government got wind of that through their investigation, they superseded to add a second count for obstruction of justice. Ultimately, Mr. Walker had three attorneys in sequence at the District Court. I was the last one. While he had the second attorney, who I understand was also court appointed, he filed a pro se plea declaration, pleading guilty to both counts one and two of the superseding indictment. At that point, the second attorney moved to withdraw, and the court appointed me, pursuant to the CJA, and accepted his change of plea. When we got to the sentencing, we briefed the issue. Ultimately, the judge, Judge Coleman at the District Court, did downward depart, not as much as we had requested, but she did downward depart to 80 months on count one, 80 months on count two, to be served concurrently. The problem is, at that sentencing hearing in August of 2018, she recommended to the BOP that he not get credit for those first 383 days that he was locked up until the indictment was superseded, but by the District Court's own admission, she wasn't sure if the BOP would give him credit or not. 383 days is approximately 16% of the 80-month sentence that she awarded that she does not even know if he will get credit for or not. We believe, erroneously, leaving it in the hands of somebody who is not a judge at the BOP, who is not an attorney, most likely, at the BOP, whose name we might not never even know, to determine whether or not he will get credit for more than a year of his life that he was locked up for. There's something inappropriate about that. Do we know if your client has filed any administrative appeals within the BOP with regard to this amount of time? Well, because of the 14 days we had to file the notice of appeal, within those 14 days, he had not. As of this moment, though, has he? That I don't know, Your Honor. So I cited to 18 U.S.C. 3585B for his statutory authority as to why it was up to the District Court judge to clearly articulate what the sentence would be. Now, the government takes the position that the statute, including the one I referenced, leaves it within the parameters of the BOP to resolve that. But then I cite to U.S. v. Wilson from the U.S. Supreme Court in 1992, which is not all that clear when it interprets some of the statute, which was also revised down the line, but the part that is clear is the part that's important to us. For whatever reason, the Supreme Court in that case made a distinction between somebody who had already started their sentence versus somebody who was sentenced but not yet in custody, such as the defendant in that Wilson matter. In Wilson, the defendant was not in custody. He was sentenced. He was taken into custody. In our case, Mr. Walker was already in custody for 383 days. So in using that past tense versus present tense argument that's established within that Supreme Court decision, Mr. Walker should have been given credit for those 383 days. What could the court have done? Should she have said something like, and she was cutting it in half or something. I mean, some things that occurred before she didn't think he should get credit for, I guess. Is that right? Or something like that? That is correct. I think that was her thought process. What if she said instead of, what was it, 80 months? Yes. And she said, and give him credit for whatever it would be, half a year or something, if I were sentenced and said time served. Well, I'm glad you're, I was going to bring up that argument most likely in my rebuttal time, but I'll bring it up now because when I reviewed the discovery, I counted approximately 20 days of those 383 days where Mr. Walker was engaging in a nefarious conduct that gave rise to count two. So she would have counted the number of days and said, we're not going to give you credit for those 20 or 26 days or whatever that it was. Fine. But to say 383 days when for the most, 90% or more of it, 95% maybe, he was not engaging in any sort of charged criminal conduct, we think is inappropriate. Well, she could have adjusted her sentence. That's all I'm saying. That could have been another way. Well, that would be the only way, actually. That's the problem. And when you turn it over to the Department of Prisoners, then it's their decision, not hers. And we think that sort of passing it off to the BOP to resolve is inappropriate. That's erroneous. All right. I'll save my rebuttal time if I may, please. Very good. Thank you, Mr. Mohabit. We'll now hear from Mr. Raman. May it please the Court, I am Kartik Raman, and I represent the United States in this appeal. Your Honor, the district court's sentence and judgment should be affirmed. There is no basis to order a resentencing here. The district court did not have the authority to acquire the Bureau of Prisons to give credit for time served before the superseding indictment. It's the Attorney General, in this case the Bureau of Prisons, that has the authority to compute and administer a defendant's sentence. And that's what was actually decided in the Supreme Court in the Wilson case. Wilson made clear that Section 3585B does not authorize a district court to award credit at sentencing. And the BOP alone is vested with that authority to compute a defendant's sentence. The BOP is required to do that within 60 days of when the defendant is sentenced to make that computation. And after the BOP's unit, which does this, it's called the Designation and Sentence Computation Center in Grand Prairie, Texas. After they do that, there's a statutory mechanism for a defendant to challenge the BOP's administrative determination. Defendant ignores this mechanism. Do we know whether or not he's used this mechanism? Yes, Your Honor. You asked a question before, and I wish to address what I know. It's not in the record, but I will tell you from having spoken to the BOP's Designation and Computation Sentence section that the process was followed by the BOP in this case. I'm not sure if after the government's brief was filed, there were any more appeals taken. But the defendant was actually awarded credit for time served from October 29, 2016, through August 7, 2018, when he was sentenced. That was the time range that he was actually given credit for. 648 days, approximately, he was given credit. And the reason it started on October 29, as opposed to the date that he was arrested in June, was because he was subject to a parole violation under Illinois law. So the BOP did not give him credit for the period from when he was arrested on June 11 through October 29 of that year, 2016. But they then, when they evaluated and made this administrative determination, they actually gave him credit for 648 days of time served. The defendant argues that Judge Coleman should have awarded him 787 days from this entire period, from the time that he was arrested on June 11 through the time of sentencing. But as your honors will understand, Wilson holds that the district court is not authorized to compute a sentence. That is the administrative function to be carried out by the BOP's facility in Grand Prairie, Texas, which is what happened here. So do we still have 139 days at issue, or is that now a question with regard to the state parole violation? Well, I'm not sure how to answer that other than to say that the BOP ultimately did give him 648 days. If he believes that there is a period that he should get additional credit for, he could pursue an administrative action with the BOP as he is permitted to do. I'm not sure if he has done that after the government's brief was filed, but up until the time the government's brief was filed, he did not do so. So the BOP gave him more time than the, really did not honor the district judge's recommendation. Correct, and I think the reason, your honor, is what's stated in the government's brief. It's the BOP's determination that the district court can recommend, which he certainly did, just like she recommended that he be given drug treatment. It's a recommendation only. No, I just want to clarify the point because we kind of keep score as to how many times the BOP does follow the recommendation of district courts. Yes, your honor. And if there are no further questions, your honors, the government will respectfully ask that the district court did nothing improper when it made a recommendation to the Bureau of Prisons and as such there was no plain error. So we would ask in conclusion that this court affirm the conviction and sentence of the defendant, Maurice Walker. Thank you, Mr. Rahman. Mr. Wahabit, rebuttal. Well, certainly there's some good news that was shared this morning regarding the BOP disregarding the district court's sentencing recommendation. I don't think we would be here, though, today and this appeal would not have existed had the district court followed what I think the Supreme Court has required or permitted at least in that Wilson decision. Regarding the 139 days or so that may still be at issue, because this is new information to me, I don't know if that calculation is correct. I have no reason to say it's not, though. I think Mr. Rahman has done some investigation on this point since the briefing had closed on this matter. We also have the additional point that it's not just a recommendation during the course of the sentencing that Judge Coleman is doing, but it's actually finding its way into black and white in the judgment of conviction. That's right and right and correct. And it was in the judgment as well, which is the second appendix, I think, to my opening brief. Does the court have any other questions for me? Thank you very much for your representation, Mr. Wahabit, of Mr. Walker. We appreciate your work as we do that of you, Mr. Rahman, in the U.S. Attorney's Office. Thank you very much. The case will be taken under advisement.